**24AA-CC00002**

Electronically Filed - MONTGOMERY CIRCUIT - January 03, 2024 - 12:19 AM

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| THOMAS NIEL MAYES, | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| DENA PAULETTE SAAK, | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

**Comes now**, Thomas Neil Mayes, (hereinafter "Plaintiff,") by and through counsel, Alex Perry, and for his petition for damages pursuant to Missouri Rules of Civil Procedure 55.01 states as follows:

### I.    ALLEGED FACTS RELEVANT TO ALL COUNTS

1. Plaintiff is a resident of Montgomery County, Missouri currently residing at 304 West Street, Wellsville, Missouri, 63884.

2. Dena Paulette Saak (hereinafter "Defendant"), is a resident of Montgomery County, Missouri. residing at 509 North 3rd Street, Wellsville, Missouri 63384.

3. That jurisdiction and venue is proper in this Court for the reason that the actions committed by Defendant against Plaintiff occurred in Montgomery County, Missouri, resulting in damages to Plaintiff.

### II.    FACTS OF THIS CASE

**Comes now,** Plaintiff, and incorporates by reference paragraphs 1 through 3 of this Complaint; and states further that:

4. Between the dates of January 23, 2022 and February 15, 2022 Dena Saak states to Wellsville City Counsel, during a posted meeting, that Plaintiff was a "criminal" and a "thief," and that he should not be allowed to run for the city counsel of Wellsville.

5. Defendant made additional false claims and statements including but not limited to:

1

Electronically Filed - MONTGOMERY CIRCUIT - January 03, 2024 - 12:19 AM

  a. that Plaintiff must register through the Missouri Ethics Commission before he would be eligible for the position; and/or

  b. and other false statements to city employees; and/or

  c. false and defamatory communication(s) with law enforcement; and/or

  d. other damaging publications.

6. Defendant's false publications about Plaintiff have damaged his credibility as:

  a. a Law Enforcement Officer in the State of Missouri; and/or

  b. a Federal contractor for the United States Government; including but not limited to:

    i. infringement on his ability to operate under previous contract employment with the State Department and the Department of Defense; and/or

7. Plaintiff currently owns a Business registered as Lit Inquest, LLC which depends on his credible reputation within the community as well as the State and Federal Judicial system.

8. These statements made by Dena Saak have caused financial losses, for the above listed reasons as well as harming his ability to effectively run for the position of Sheriff of Montgomery County, Missouri; or work in local law enforcement in his community; generally.

9. Now in business for himself, his business has additionally suffered as a result of Defendant's conduct.

10. As a result of Defendant's actions, Plaintiff has suffered economic losses and damages in an amount unknown, in excess of three-hundred thousand dollars ($300,000), and an amount which will be plead with specificity at trial.

11. In addition, Plaintiff has suffered major depression; anxiety disorder, social withdrawal, and had to endure social ostracism, perpetuated by the publications, and conduct of Defendant, and requests indemnification and damages.

## III. **DEFAMATION**

**Comes now,** Plaintiff, and incorporates by reference paragraphs 1 through 11 of this Complaint; and states further that:

12. "'Publication is simply the communication of the defamatory matter to a third person.' Blake v. May Dep't Stores Co., 882 S.W.2d 688, 690 (Mo. App. E.D. 1994) (citing Nazeri v. Mo. Valley College, 860 S.W.2d 303, 313 (Mo. banc 1993) )." Lovelace v. Van Tine, 545 S.W.3d 381 (Mo. App. 2018).

Electronically Filed - MONTGOMERY CIRCUIT - January 03, 2024 - 12:19 AM

13. Under Missouri law, the elements of defamation are (1) publication (2) of a defamatory statement (3) that identifies the plaintiff, (4) that is false, (5) that is published with the requisite degree of fault, and (6) that damages the plaintiff's reputation. *Overcast v. Billings Mut. Ins.*, 11 S.W.3d 62, 70 (Mo. 2000). *See Turntine v. Peterson*, 959 F.3d 873 (8th Cir. 2020).

i.   In Missouri, determining whether statements are actionable as defamation is a two-step process. *Hammer v. City of Osage Beach*, 318 F.3d 832, 842 (8th Cir. 2003). *See Turntine v. Peterson*, 959 F.3d 873 (8th Cir. 2020). *See Turntine v. Peterson*, 959 F.3d 873 (8th Cir. 2020).

   a.   First, the reviewing court "must determine whether a statement is capable of defamatory meaning." *Henry v. Halliburton*, 690 S.W.2d 775, 779 (Mo. 1985). *See Turntine v. Peterson*, 959 F.3d 873 (8th Cir. 2020).

   b.   A "defamatory meaning" is a meaning that "tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with hi m." Id. *See Turntine v. Peterson*, 959 F.3d 873 (8th Cir. 2020).

   c.   In determining whether words are capable of such meaning, the reviewing court must consider them " 'in context, giving them their plain and ordinarily understood meaning.'" *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798 (Mo. 2017) (quoting Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 311 (Mo. 1993)). *Turntine v. Peterson*, 959 F.3d 873 (8th Cir. 2020).

## IV.   **FURTHER PLEADING**

**Comes now,** Plaintiff, and incorporates by reference paragraphs 1 through 13 of this Complaint; and states further that:

14. A defense that these were the opinions of Defendant is not a sufficient defense: "[this] privilege does not apply, [ ], if a statement 'implies an assertion of objective facts,' even if couched as an opinion." *Id.* at 799-800." *Turntine v. Peterson*, 959 F.3d 873 (8th Cir. 2020).

## V.   **PRAYER**

**Wherefore,** Plaintiff prays for a judgment in his favor in an amount currently unknown but in excess of three-hundred thousand dollars (S300,000), for indemnification for his loss of

Electronically Filed - MONTGOMERY CIRCUIT - January 03, 2024 - 12:19 AM

income, loss of revenue, loss of enjoyment, loss of reputation, and for other damages and for any other or further judgments and orders deemed necessary under these circumstances.

## VERIFICATION

**AGREED** to and **ACCEPTED** this _____ day of _____, 2023.

_____
**THOMAS N. MAYES**

State of Missouri )
) ss
County of Montgomery )

On this _____ day of December, 2023, before me, a Notary Public in and for said State, personally appeared THOMAS NEIL MAYES, known to me to be the said person who executed this Petition, and acknowledges and swears that the preceding paragraphs are true and accurate to the best of his knowledge, and before me executed the same for the purposes herein stated.

_____
Notary Public Signature

My Commission Expires: July 16, 2027

(SEAL)

TRACY L PARK
Notary Public - Notary Seal
Montgomery County - State of Missouri
Commission Number 23203866
My Commission Expires Jul 16, 2027

Respectfully submitted by:

PERRY LAW FIRM, LLC

/s/ Alex Perry
Alex Perry
Bar Number: 64079
Perry Law Firm
1220 Columbia, MO 65203
Telephone: 573-777-2623
AlexLawFirm@gmail.com

**ATTORNEY FOR DEFENDANT**

4